**E-filed 3-2-2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| URSULA Q. QUINTO, an individual<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, A NATIONAL ASSOCIATION F/K/A WASHINGTON MUTUAL BANK OF CALIFORNIA RECONVEYANCE COMPANY, A CALIFORNIA CORPORATION, DOES 1 through 50, Inclusive.<br><br>Defendants. | Case Number CV-10-5845-JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[Re: Docket No. 5] |

Defendant JP Morgan Chase, a national association, f/k/a Washington Mutual Bank of California Reconveyance Company, moves pursuant to Fed. R. Civ. Pro. 12(b)(6) to dismiss all twenty-four claims for relief in Plaintiff's complaint. Plaintiff alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*, and related state law claims. The motion was heard on February 25, 2011, and Plaintiff failed to appear. For the reasons set forth below, the Court concludes that the motion is

---

[1] This disposition is not designated for publication in the official reports.

1  well taken, and Plaintiff's claims will be dismissed, with leave to amend.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, originally filed the instant action on October 28, 2010, in the Santa Clara Superior Court. Defendants removed the action to this Court on December 22, 2010. In January 2007, Plaintiff and nonparty Consuelo Malapit entered into a loan agreement with Washington Mutual Bank FA ("Washington Mutual") in the sum of $545,600, secured by a first deed of trust on real property located at 1367 South King Road, San Jose, California. (Compl. ¶ 14; Def's Mot. to Dismiss, 1:7-10; Request for Judicial Notice "RJN" Ex.1).[2] Plaintiff defaulted on this loan. (Mot. to Dismiss, 1:27). A notice of default and an election to sell under the deed of trust was recorded in the Santa Clara County Recorder's Office on July 21, 2008.[3] ( *Id*. at 1:27-2:1; RJN Ex. 2). Washington Mutual thereafter assigned the deed of trust and all beneficial interest thereunder to LaSalle Bank NA. (*Id*. at 2:3-7; RJN Ex. 3). A notice of trustee's sale was recorded on October 23, 2008, and sale was set for November 12, 2008. (*Id*. at 2:7-11; RJN Ex. 4). The sale never took place, and a rescission of the notice of default and election to sell under the deed of trust was recorded on April 8, 2009. (*Id*.; RJN Ex. 5).

In September 2008, Washington Mutual was closed by the Office of Thrift Supervision ("OTS"). (*Id*. at 2:12-13). OTS appointed the Federal Department Insurance Corporation ("FDIC") as receiver for Washington Mutual. (*Id*.; Ex. 6). On September 25, 2008, the FDIC allocated Washington Mutual's assets and liabilities in accordance with the purchase and assumption agreement entered into between the FDIC and JP Morgan Chase. (*Id*. at 2:14-18; RJN Ex. 7). Although Plaintiff alleges otherwise in her complaint, (Compl. ¶ 33), it appears that Plaintiff entered into a loan modification agreement with JP Morgan Chase in December 2008. This agreement was recorded on May 18, 2009. (Mot. to Dismiss, 2:19-21; RJN Ex. 8). Plaintiff defaulted under the terms of the modified loan agreement, (*Id*. at 2:22; RJN Ex. 9), and a notice

---

[2]Defendants requested the Court take judicial notice of various documents. Plaintiff opposes judicial notice. For the reasons discussed below Defendants' request is granted.

[3]All recorded documents referenced herein were recorded with the Santa Clara County Recorder's Office.

2

1  of default was recorded in June 2009.  Finally, a second notice of trustee's sale was recorded on
2  September 23, 2009.  (*Id*.; RJN Ex's. 9-10).

## II.  LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).  If a complaint lacks facial plausibility, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III.  DISCUSSION

**A.  Request for Judicial Notice**

JP Morgan Chase requests judicial notice of ten exhibits: the deed of trust for the property at issue (Ex. 1); various documents related to the two relevant foreclosure proceedings (Ex.'s 2-5, 9-10); a document from OTS appointing the FDIC as the receiver for Washington Mutual (Ex. 6); the purchase and assumption agreement entered into by JP Morgan Chase and the FDIC (Ex. 7); and, the loan modification agreement between Plaintiff and JP Morgan Chase (Ex. 8). Plaintiff opposes the request. (Pl.'s Opp. to MTD, 34:3-5).  When considering a motion to dismiss, the Court ordinarily does not look beyond the four corners of the complaint.  *See Lee v.*

3

*City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *Id*. at 688-89.  Courts routinely take judicial notice of records filed with the county recorder.  *See e.g., Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at *1 n. 2 (N.D. Cal. Dec. 14, 2010) (Fogel, J.); *Reynolds v. Applegate*, 2011 WL 560757, at *1 n.2 (N.D. Cal. February 14, 2011) (Breyer, J.); *Liebelt v. Quality Loan Service Corp.*, 2011 WL 500053, at *6 n.2 (N.D. Cal. February 8, 2011) (Koh, J.).  Here,  Plaintiff's note and deed of trust are subject to judicial notice under the incorporation by reference doctrine, as Plaintiff cites those documents specifically in her complaint. (Compl. ¶¶ 37-38). Moreover, documents obtained from administrative agencies, such as the OTS and the FDIC, are properly noticed as public records. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  The request for judicial notice will be granted.

**B. Whether Plaintiff Has Waived All Her Claims**

Each of Plaintiff's claims relates either to conduct related to the origination process for her original loan or from alleged wrongful foreclosure proceedings.  JP Morgan Chase argues that all of the claims are subject to dismissal because Plaintiff expressly waived her right to bring such claims in consideration for JP Morgan Chase's agreement to modify the terms of Plaintiff's previous loan. (Mot. to Dismiss, 3:1-27; RJN Ex. 8, ¶ 14).  It appears that the loan modification agreement "lowered [the] loan balance and reduced interest rates and monthly payments." (*Id*.; RJN Ex. 8 ¶¶ 3-6, *compare*, RJN Ex. 1, fixed/adjustable rate rider at 1).  In exchange for this modification, Plaintiff agreed to pay the amount she owed under the agreement and warranted that the original note "is valid and enforceable in all respects and is not subject to any claims, defenses or right of offset or credit except as herein specifically provided." (RJN Ex. 8, ¶ 12). Plaintiff further agreed that "all of the terms, covenants, warranties and provisions contained in the original Note and Security Instrument are now and shall be and remain in full force and effect as therein written[.]" (*Id*.). Plaintiff also acknowledged expressly that:

> As part of the consideration for this Agreement, Borrower agrees to release and waive all claims Borrower might assert against the trust and or its agents, and arising from any act or omission to act on the part of the Trust or it's agents, officers, directors, attorney's, employees and any predecessor-in-interest to the Note and Security Instrument , and which Borrower contends caused Borrower damage or injury, or which Borrower

4

Case No. 5:10-cv-5845-JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

contends renders the Note other Security Instrument void, voidable, or unenforceable. This release extends to any claims arising from any judicial foreclosure proceedings or power of sale proceedings if any, conducted prior to the date of this Agreement. Borrowers have no defenses, counterclaims or rights of offset of any kind against the Trust, Washington Mutual or against collection of the Loan.

(*Id*. at ¶ 14).

On its face, the loan modification agreement appears to be a binding contract. Cal. Civ. Code § 1550.[4] In its present form, Plaintiff's complaint neither addresses nor calls into question the validity of the loan modification agreement

Based on the record before the Court, it appears unlikely that Plaintiff will be able to cure the deficiencies in her complaint. However, the Court does recognizes its obligation to construe the filings of *pro se* litigants with heightened liberality and to give *pro se* parties the benefit of the doubt. *Hebbe v. Pliler*, 627 F. 3d 338, 341-342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F. 2d 1026, 1027 n. 1 (9th Cir. 1985)(en banc)). Accordingly, the motion to dismiss will be granted, with leave to amend.

## IV. ORDER

For good cause shown, the motion to dismiss is GRANTED, WITH LEAVE TO AMEND. Any amended complaint shall be filed within (20) days of the date of this order.

IT IS SO ORDERED

DATED:   March 02, 2011

JEREMY FOGEL
United States District Judge

---

[4] Pursuant to Cal. Civ. Code. § 1550, "[i]t is essential to the existence of a contract that there should be: (1) Parties capable of contracting; (2) Their consent; (3) A lawful object; and, (4) A sufficient cause or consideration." Cal. Civ. Code § 1550.